**Larry Roy PLUMB, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 16, 1973.

---

W. David Denton, Jim L. Lindblad, Paducah, for appellant.

Ed W. Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

Larry Roy Plumb was convicted of armed robbery (KRS 433.140); his punishment was fixed at imprisonment for life. The only question presented on his appeal is whether he was deprived of his constitutional right to a fair trial because of the trial court's determination that he was mentally competent to stand trial. He argues that he was not afforded an adequate hearing to validly determine the issue. We disagree.

Plumb was represented by able and experienced counsel. At the time of his arraignment, he filed a written pro se motion requesting a psychiatric examination to determine his mental competency to stand trial. On the following day, the trial judge held an in-chambers hearing on the issue raised by Plumb's motion. The allegations contained in the motion and Plumb's testimony were all thoroughly considered. The trial judge found as a result of the hearing that Plumb was mentally competent to stand trial and to rationally and intelligently participate in his defense.

Plumb relies upon Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The procedure used in this case complies with the just cited decision. Robinson involved a criminal action in a state court in Illinois. The defendant claimed mental incompetence to stand trial. The Illinois trial court refused to grant him a hearing on the issue. The Supreme Court of Illinois affirmed and held that no hearing was required "in light of the mental alertness and understanding displayed in Robinson's 'colloquies' with the trial judge." The United States Supreme Court held that "while Robinson's demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue." In Plumb's case, a pretrial hearing was held "on that very issue."

The test to be applied by the trial judge at this type of hearing is considered in Dye v. Commonwealth, Ky., 477 S.W.2d 805 (1972). There we stated that "the test consists of a determination whether the defendant has substantial capacity to comprehend the nature and consequences of the proceeding pending against him and to participate rationally in his defense, regardless of the technical classification of his mental state, legally or medically." The issue to be decided is confined; the general question of the existence of mental incompetence so extensive as to constitute a legally acceptable excuse for criminal conduct is ordinarily explored at the trial itself. Indeed, in the case at bar, the trial jury was instructed on the defense of insanity.

In our view the only question for decision is whether the trial judge erred when he determined that Plumb was mentally competent to stand trial. The pro se motions that Plumb filed were excellent in expression and evidenced sane, intelligent,

well-educated authorship. Numerous federal cases were correctly cited and an abstract of the claimed holding in each case was furnished. The only evidence at the hearing remotely relevant was Plumb's statement that he had been in a mental institution in Arizona about two years before his current difficulties with the law. He said he was diagnosed as "possessing a psychosis with neurotic tendencies." When viewed in light of the exceptional legal ability of Plumb attested in his pro se motions and the effective manner of his testimony at trial, we are convinced that the trial judge's finding at the pretrial hearing that Plumb fully understood the nature and consequences of the proceedings against him was surely not erroneous; that he was able to participate rationally in his defense is beyond question. He actively directed the defense in a very skillful way.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED; STEINFELD and STEPHENSON, JJ., sitting.

All concur.