**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jess FARMER, Defendant-Appellant.**

**No. 74–1754.**

United States Court of Appeals,
Sixth Circuit.

March 18, 1975.

Stuart L. Lyon, Kaplan & Lyon, Louisville, Ky., for defendant-appellant.

George J. Long, U. S. Atty., James H. Barr, Louisville, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Circuit Judge, WEICK, Circuit Judge, and MILES,* District Judge.

WEICK, Circuit Judge.

Appellant Farmer has appealed from an order of the District Court revoking his probation. On December 17, 1973, Farmer had pleaded guilty to an indictment charging him with conspiracy to conduct an illegal gambling business, in violation of 18 U.S.C. §§ 371 and 1955. He was sentenced to one year and a day imprisonment, but execution of the sentence was suspended and he was placed on probation for a period of three years. A special condition of his probation was that he not engage in illegal gambling activities.

Farmer was represented by retained counsel at the time of his guilty plea and sentence.

Less than two months after Farmer had been placed on probation, namely on February 7, 1974, the Chief Probation Officer filed with the District Court a petition to revoke Farmer's probation. The petition set forth a violation of the conditions of his probation. Summons on the petition was issued and served upon Farmer requiring him to appear at a preliminary hearing to determine whether there was probable cause that he had violated the conditions of his probation, and whether his probation should be revoked.

The revocation petition alleged that Special Agents of the Federal Bureau of Investigation had obtained a warrant to search the premises located at 3843 South Fourth Street, Louisville, Kentucky, and the person of the defendant Farmer; that upon the execution of the search warrant on January 10, 1974, the Agents found certain specified paraphernalia which was normally and commonly associated with wagering upon horse races and sporting events. The petition further alleged that the owner of the premises, Louis George Paul, advised the Special Agents of the FBI that Farmer had been operating a "book" at that location during the previous seven months.

At the preliminary hearing held on March 7, 1974 before a United States Magistrate, Farmer appeared and was again represented by retained counsel. Farmer's supervising probation officer testified that he had fully advised Farmer of the conditions of his probation. The Chief Probation Officer testified that the petition for revocation was based upon information received from the Special Agent of the FBI as a result of the search of Farmer and the premises described in the petition for revocation.

---

* The Honorable Wendell A. Miles, Judge, United States District Court for the Western District of Michigan, sitting by designation.

Special Agent John Morello testified as to his search of the defendant and of the premises. Morello found $1,885.91 in cash on the person of Farmer and found gambling paraphernalia consisting of daily sporting news referred to as "finger sheets" and entries of horses and race tracks. The material was examined by the FBI laboratory, which concluded that the items contained recordings of wagering. It showed specifically $800 of wagers placed at various race tracks earlier in January, 1974.

Morello also testified as to his conversation with Louis Paul; that Paul informed him that he (Paul) had rented the premises to Farmer for $50 per month, and that Farmer had used the property for the purpose of operating a "hand book."

The defendant did not testify at the hearing, and he offered no evidence. His attorney did request permission to contest the sufficiency of the affidavit filed with the Magistrate, upon which affidavit the search warrants were issued, but the request was denied.

The Magistrate found that there was probable cause that Farmer had engaged in illegal gambling activities in violation of the condition of his probation, and he ordered Farmer to appear before the District Court for a final revocation hearing.

At the final hearing before the District Judge the defendant appeared with his retained counsel. The evidence consisted of transcripts of the sworn testimony of the various witnesses, the transcripts having theretofore been stipulated as Exhibits 1 through 11.

The defendant did not testify at the hearing. His counsel made various motions, including a motion to suppress all evidence obtained by virtue of the search warrant, the evidence adduced at the preliminary hearing, and to disqualify the presiding Judge and to substitute another Judge to hear the probation revocation proceeding. All of these motions were denied.

■ It was the contention of Farmer that the search was illegal, and that therefore his rights under the Fourth Amendment to the Constitution had been violated. He relied on Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); and Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

These cases are authority for the proposition that a defendant is entitled to a hearing in probation and parole revocation proceedings as a matter of due process of law, and in some cases, to the appointment of counsel. However, the inquiry at such hearings is a narrow one. As well stated by Chief Justice Burger in Morrissey v. Brewer, *supra,* 408 U.S. at 489, 92 S.Ct. at 2604:

> We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.

■ Thus it is clear that at such hearings the defendant is not endowed with all of the rights which he possessed prior to conviction.

It would appear that Farmer has trifled with the Court and has abused the confidence reposed in him by the District Judge when he was placed on probation on condition that he would not engage in illegal gambling activity. The fact is that he continued in the same illegal gambling activity in which he had been engaged prior to his conviction.

It is significant that Farmer did not take the witness stand to deny that he had engaged in illegal activity while he was on probation.

■ This case does not involve harassment by the police so that an exclusion rule should be invoked to prevent recurrence. Other Circuits have not applied the Fourth Amendment in revocation proceedings. *See, e. g.,* United States v. Brown, 488 F.2d 94 (5th Cir. 1973); United States v. Hill, 447 F.2d 817 (7th

Cir. 1971). In our opinion these cases were correctly decided.

█ Reliance on Morrissey v. Brewer, *supra,* to disqualify the Judge, who favored Farmer with probation, is misplaced. The decision in *Morrissey* stands for no such outrageous proposition. It must be remembered that Farmer was sentenced at the time he entered his guilty plea. The sentence was suspended only because he was placed on probation.

█ In our opinion the District Judge did not abuse his discretion in revoking probation.

Affirmed.