**UNITED STATES of America**

v.

**Larry Walter STEELE.**

**Crim. No. 76–114 (Erie).**

United States District Court,
W. D. Pennsylvania.

Aug. 11, 1976.

See also, D.C., 419 F.Supp. 1387; 419 F.Supp. 1389.

Blair A. Griffith, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Leonard G. Ambrose, III, Erie, Pa., for defendant.

## MEMORANDUM: DEFENDANT'S MOTION TO SUPPRESS STATEMENTS GIVEN TO PROBATION OFFICER

KNOX, District Judge.

On October 10, 1975, at approximately 11:00 p. m., the Pennsylvania State Police stopped a Pontiac automobile driven by the defendant on Interstate 79 in the vicinity of Meadville Interchange in Crawford County. The car was stopped for good and sufficient reasons since the police had observed it being driven in an erratic manner weaving from one side of the road to the other. After the car had been stopped, it was observed that a sawed-off shotgun was lying on the front seat of the car beside the driver. Defendant refused a breathalyzer test and was taken to the police barracks and later before a magistrate having been given his Miranda rights.

At a later time a preliminary hearing was held. Defendant at the time was on probation from a previous charge in Crawford County and a 48 hour detainer had been placed against him for probation violation. After the preliminary hearing, he was placed in the custody of William Chisholm, Chief Adult Probation Officer of Crawford County, to be returned to the Crawford County Jail.

On the way back to the Crawford County Jail, Chisholm questioned him about the circumstances of his arrest but did not inform him as to his Miranda rights. The defendant thereupon told about being at a party where there had been considerable drinking and that the sawed-off shotgun had been given to him by someone although he could not explain clearly how it came into his possession. It appeared that the probation officer considered that there had been a violation of probation, one of the conditions of which was not to consume alcohol and not to return to Crawford County without permission of the court. The probation officer testified it was his custom to question probationers about violations of probation and that he expected to be given truthful answers. Defendant at the time apparently was in handcuffs.

Defendant has previously moved to suppress the physical evidence seized from him at the time of his arrest on the motor vehicle violation but after evidentiary hearing he withdrew the motion and the motion to suppress physical evidence was therefore denied. We now have before us a motion to suppress the statements made to the probation officer in the car enroute to the Crawford County Jail relative to the gun charge now pending before him in this court at the above number.

 There is no question but that defendant was in custody at the time he was questioned by the probation officer. In custody interrogation has been held to be inherently and psychologically coercive and the Miranda warnings must be given before the same takes place when the defendant is in custody. *Miranda v. Ariz.*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Ringel "Searches, Seizures and Confessions" § 43 says that a probationer is not entitled to the Miranda warnings where questioned on a visit to his probation officer. This however, it is clear has to do with the mere visit and use of the statement for probation revocation.

 We believe that the proper rule is that while statements made to a probation or parole officer without the Miranda warnings being given are properly admitted in a parole revocation hearing where various types of hearsay may be used to inform the court as to the parole violation, nevertheless when these statements are used to prove an

entirely separate offense against the defendant and he is in custody and under the compulsion of discussing matters with his parole or probation officer, Miranda warnings must be given before such testimony can be admitted in evidence in the trial involving the separate offense.

In *State v. Gallagher,* 38 Ohio State 2d 291, 313 N.E.2d 396 the admissibility of statements given a parole officer without Miranda warnings was considered by the Supreme Court of Ohio which said:

> "*United States v. Deaton* (C.A. 5, 1972), 468 F.2d 541, certiorari denied, 410 U.S. 934, 93 S.Ct. 1386, 35 L.Ed.2d 597, squarely confronts the precise question presented by this case at page 544:
>
> '* * * Deaton's parole officer testified, over objection, to statements made to him by Deaton, tending to incriminate Deaton on the harboring and concealing charge, uttered in response to direct interrogation by the parole officer when Deaton was in custody, and without the officer having given Deaton the warnings required by Miranda. We have considerable doubt as to the propriety of even calling the parole officer as a witness for such a purpose. But, pretermitting that, we have no doubt that the testimony was inadmissible unless the officer gave prior Miranda warnings. A parolee is under heavy psychological pressure to answer inquiries made by his parole officer, perhaps even greater than when the interrogation is by an enforcement officer.'
>
> We agree that a parolee is under heavy pressure to cooperate with his parole officer. Here, the parole officer testified that he had the power to recommend the return to prison of a parolee under his charge, and that appellant might have assumed that his utterances were in some way confidential.
>
> It is clear, therefore, that compulsion intervened when the parole officer sought to elicit a statement from appellant, without first making known to appellant that the privilege against self-incrimination could be relied upon."

This matter has further recently been considered by the Supreme Court of Florida in *Croteau v. State,* 19 Cr. Law Reporter 2316 (June 16, 1976). That case involving an illegal search by a probation officer, held that the evidence secured by the search should be excluded and clearly held that illegally obtained evidence although admissible at a probation revocation hearing cannot constitutionally be used in a separate criminal proceeding.

We will therefore enter an order suppressing this evidence.