**UNITED STATES of America**

v.

**Larry Walter STEELE.**

**Crim. No. 76–114 (Erie).**

United States District Court,
W. D. Pennsylvania.

Aug. 26, 1976.

See also, D.C., 419 F.Supp. 1385; 419 F.Supp. 1389.

**1388**

Leonard G. Ambrose, III, Erie, Pa., for defendant.

James J. West, Asst. U.S. Atty., Erie, Pa., for United States.

## MEMORANDUM OPINION

WEBER, District Judge.

Defendant, after his arrest and preliminary hearing, was taken into custody, handcuffed, and delivered to his supervising parole officer who had filed a detainer on a charge of parole violation. No *Miranda* warning was given by the parole officer before the interview; he informed the defendant that it would be in his own best interest to cooperate in order to avoid a possible revocation of parole, that his failure to answer questions or cooperate would be brought to the attention of the judge hearing the parole revocation matter, and that he indicated that these matters were discussed on a confidential basis to aid in the disposition of his parole matter.

A hearing on a motion to suppress was held by Judge Knox as a result of which the statements to the parole officer were suppressed. We have reviewed the opinion of Judge Knox, notes of testimony on the suppression hearing, and the present brief of counsel. We accept the statement of the evidence produced as outlined in defendant's brief as the basis for our present consideration.

At this time defendant moves *in limine* for a pretrial order determining the use, if any, to which statements made to the parole officer may be made at trial. They cannot be introduced by the United States as direct evidence of guilt, but defendant raises the specific issue of whether such statements may be used by the United States on cross-examination of the defendant, if he should take the stand, to impeach his credibility.

In *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) the Court allowed statements of a defendant to be used against him on cross-examination, with an instruction to the jury that they were to be considered solely to test his credibility, even though an incomplete *Miranda* warning had been given, stating, "It does not follow from Miranda (*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)) that evidence inadmissible against an accused in the prosecution's case in chief is barred for all purposes, provided of course that the trustworthiness of the evidence satisfies legal standards." (401 U.S. p. 224, 91 S.Ct. p. 645). and that the "shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of prior confrontation with prior inconsistent utterances." (p. 226, 91 S.Ct. p. 646).

*Harris* was followed by *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975) which reaffirmed the use of inadmissible statements on cross-examination to impeach the credibility of the defendant as witness. The guideline given by that case is: "If, in a given case, the officer's conduct amounts to abuse, that case, like those involving coercion or duress, may be taken care of when it arises measured by the traditional standards for evaluating voluntariness and trustworthiness." (p. 723, 95 S.Ct. p. 1221).

For these reasons the Court will allow cross-examination of the defendant, if he should take the witness stand, on any prior inconsistent statement made by the defendant, subject to the right of the defendant to inquire into the voluntariness of the prior

statement and under instructions to the jury as to voluntariness and limitation of consideration of the evidence to impeachment of veracity.