UNITED STATES of America

v.

Larry Walter STEELE.

Crim. A. No. 76–114.

United States District Court,
W. D. Pennsylvania.

Sept. 27, 1976.

Blair A. Griffith, U.S. Atty., Pittsburgh, Pa., for plaintiff.

Leonard G. Ambrose, III, Erie, Pa., for defendant.

## OPINION

WEBER, District Judge.

Defendant on a federal firearms charge, after a verdict of guilty, has moved for a new trial. Most of the grounds asserted have been covered by hearing arguments and briefs before trial which produced two memorandum opinions from members of this court. Because these matters had thorough and extensive consideration we will not review them here.

Initially, on Defendant's motion to suppress, Judge Knox ordered suppressed a statement given by Defendant to his state parole officer, to whose custody Defendant was remanded after his preliminary hearing on drunken driving charges. 419 F.Supp. 1385. Judge Knox ordered this statement suppressed because the state parole officer had given no Miranda type warning. This was done after an evidentiary hearing.

Judge Knox held that the defendant was in custody at the time, and that such custody was inherently coercive to the extent that a *Miranda* warning was required before the evidence of the statement could be produced by the government on the firearms charge, even though the statement might be used in a parole revocation hearing.

Subsequently Defendant filed a motion *in limine* to secure a pretrial ruling on the admissibility of the statement on cross-examination by way of rebuttal testimony on behalf of the government in the event that the defendant took the stand and testified. After consideration of this matter this member of the court held that the statement could be introduced by the government in cross-examination or rebuttal if the defendant took the stand and testified to the contrary, 419 F.Supp. 1387. We reserved, however, the right of defendant to

inquire into the voluntariness of the prior statement and its admission with instructions to the jury as to its voluntariness and the limitation of its consideration to impeachment of veracity.

At trial, defense counsel moved at the conclusion of the government's case, for taking testimony outside the hearing of the jury to determine the admissibility of the statement prior to the opening of defendant's case. Counsel argued that this determination was required so that he could intelligently make his determination of whether or not to place defendant on the witness stand. The court, after hearing counsel, denied the motion unless or until the government proposed to introduce the statement.

With this trial ruling the defendant chose not to take the witness stand. The verdict of guilty was well supported by evidence of eye witnesses who viewed the weapon in defendant's possession at the time of his arrest on state motor vehicle charges.

The sole question left for our consideration at this time is the propriety of the trial ruling refusing a hearing of the type required by *Jackson v. Denno*, 378 U.S. 368, 83 S.Ct. 1774, 12 L.Ed.2d 908 [1964] or 18 U.S.C. 3501 prior to the defendant's taking the witness stand so as to know in advance whether certain potentially impeaching testimony would be admissible for cross-examination or rebuttal.

All that *Jackson v. Denno*, supra, or 18 U.S.C. 3501 requires is that the voluntariness of a confession must be judicially determined before the confession is submitted to the jury. Fed.R. of Cr.P. 12(e) only requires the government to give notice of its intention to use evidence in its case in chief which defendant is entitled to discover under Fed.R. of Cr.P. 16. The government did so here, and after hearing, that evidence was ordered suppressed in the government's case in chief.

The government could not know prior to the opening of defendant's case whether or not it would seek to introduce the statement. It could not know until defendant had testified whether to use the statement because the statement would be admissible solely to impeach defendant's credibility if he testified to the contrary. The language of *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 [1971] is applicable here: "The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances." (p. 226, 91 S.Ct. at p. 646).

In connection with a hearing on impermissibly suggestive pretrial identification under 18 U.S.C. 3502 and *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 [1968], our Court of Appeals has said: "The scheduling of such a hearing rests in the discretion of the trial court, and may at the court's convenience be set for any time before the in-court identification itself." (*United States v. Mitchell*, 3rd Cir., 1976, 540 F.2d 1163, p. 1168). The concurring opinion adds: "Where the defense requests a hearing, it may be convened at any time convenient to the trial court provided that the hearing on taint precedes the actual testimony before the jury." (id. p. 1168).

It was not the convenience of the court that dictated the exercise of discretion here but the disinclination of the court to offer an opportunity to testify free from the consequences of confrontation by a prior inconsistent statement.

Had the defendant testified and the United States elected to use the statement to impeach, the matter would have been considered out of the hearing of the jury. Until that time there was no requirement for such a hearing except to allow defendant an opportunity to testify without fear of contradiction.

The motion will be denied.