**Rocky CHILDERS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 6, 1979.

Rehearing Denied Jan. 11, 1980.

Wendell V. Lyon, Somerset, for appellant.

Robert F. Stephens, Atty. Gen., Nancy S. Marksberry, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, VANCE and WHITE, JJ.

HOWARD, Judge.

This is a probation revocation case in which defendant appeals from an order overruling his motion for a new hearing on the ground that the trial court failed to apply the *Miranda* warning test to probation revocation proceedings.

Rocky Childers pled guilty to a felony, third-degree burglary, on the 11th of November, 1977, and was sentenced to two years imprisonment. On November 23, 1977, he was sentenced to five years probation, subject to the usual conditions, and specifically condition No. 4 which provides that he "comply with the regulations of the Division of Probation and Parole and the directions of the Probation Officer."

On September 1, 1978, the defendant was served with a notice of probation revocation hearing alleging he had violated condition No. 4 in that he had left the district and state without permission. A probation revocation hearing was held September 15, 1978. Defendant's probation officer testified that the defendant told him he had gone to a concert in Cincinnati. This statement by defendant to the probation officer came at a time when the defendant was in custody in the Pulaski County jail on an unrelated charge, and while he was being interrogated as to his whereabouts on the evening before. It was admitted that the appellant had requested permission to go to Cincinnati, Ohio to attend a concert, but this request was denied by the probation officer.

The appellant was picked up by the Pulaski County authorities in the early morning hours after the appellant had gone to Cincinnati without permission. It is also admitted that no *Miranda* warning was given to the appellant prior to his interrogation by his probation officer regarding the alleged violation. At the hearing an objection was made to the introduction of this evidence, but the objection was overruled.

The trial court found that the appellant had admitted to the probation officer, at the time he was in custody, that he had in fact gone to Cincinnati without his permission, and the trial court further found that the probation officer had the right to inquire as to his whereabouts. We agree with the findings of the trial court.

While this narrow question appears to be one of first impression in this jurisdiction, several federal courts have specifically addressed the applicability of the right against self-incrimination in probation revocation hearings. In *United States v. Delago*, 397 F.Supp. 708 (S.D.N.Y.1974), that court held, under a similar fact situation, that the failure to advise the probationer of his *Miranda* rights had no bearing upon the admissibility of the statements in a subsequent probation revocation hearing. The reasoning of the court in making this finding was that the privilege against self-incrimination is fundamentally inconsistent with the acquisition and maintenance of probationary status. It further held that there was no necessity in giving *Miranda* warnings in that the privilege against self-incrimination was not available to the probationer. For a similar analysis, *see United States v. Steele*, 419 F.Supp. 1385 (W.D.Pa. 1976).

These district court opinions follow the principle enunciated by the United States Supreme Court that in a parole revocation proceeding the defendant is not entitled to the "full panoply of rights" accorded one not yet convicted in that he is deprived of only a conditional, as opposed to an absolute, liberty. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The due process standard set forth in *Mor-*

*rissey, supra,* was held applicable to probation revocation proceedings. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

For purposes of due process considerations, the Supreme Court found no difference between the revocation of parole and the revocation of probation. The court in *Gagnon, supra,* additionally held that in a probation revocation hearing, formal procedures and rules of evidence will not be employed. *See also United States v. Farmer*, 512 F.2d 160 (6th Cir. 1975).

It appears to us that these decisions effectively dispose of appellant's arguments that the statements obtained without benefit of the *Miranda* warning are not admissible in revocation of probation hearings. Therefore, the judgment of the trial court is affirmed.

All concur.