James E. TIRYUNG, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Aug. 15, 1986.

Discrtionary Review Denied by
Supreme Court Oct. 28, 1986.

G. Patrick Thompson, Appellate Public Advocate, Brandenburg, for appellant.

David L. Armstrong, Atty. Gen., Bruce R. Hamilton, Sp. Atty. Gen., LaGrange, for appellee.

Before COMBS, McDONALD and WIL-HOIT, JJ.

McDONALD, Judge:

This case has been remanded to this Court by the Kentucky Supreme Court, 709 S.W.2d 454, for consideration of the remaining two issues not addressed in our previous opinion. As a detailed recitation of the facts bearing on all the issues was set forth in the previous opinion of this Court, they will not be repeated herein.

The appellant, James Tiryung, argues that the trial court erred in revoking his probation for committing an offense, possession of a controlled substance, for which he had not been convicted. There is no error in this regard.

■ It is clear in this Commonwealth that probation is a privilege rather than a right. · *Brown v. Commonwealth*, Ky. App., 564 S.W.2d 21 (1977). One may retain his status as a probationer only as long as the trial court is satisfied that he has not violated the terms or conditions of the probation. KRS 533.030; *United States v. Markovich*, 348 F.2d 238 (2nd Cir.1965). It is not necessary that the Commonwealth obtain a conviction in order to accomplish revocation of probation. Our review is limited to a determination of whether, after a hearing, the trial court abused its discretion in revoking the appellant's parole. We find no abuse here.

■ Tiryung further argues that the trial court erred in admitting the drugs into evidence at the revocation hearing as they were seized during a warrantless search of his motel room to which he did not consent. Whether the drugs were illegally obtained, however, is not an issue necessary for us to decide. We agree with the Commonwealth's argument that one is not entitled to object to the admission of illegally seized evidence at his or her revocation hearing. In *Childers v. Commonwealth*, Ky.App., 593 S.W.2d 80, 81 (1980), this Court cited *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), for the proposition that the due process which must be afforded to one about to lose his status as a probationer or parolee need not come with the "full panoply of rights accorded to one not yet convicted...." In *Childers* we upheld a probation revocation based on statements obtained from the appellant who had not been given the *Miranda* warnings. *See also Marshall v. Commonwealth*, Ky.App., 638 S.W.2d 288 (1982), which held it was not improper to allow hearsay to be admitted at these "informal type of hearings," and *U.S. v. Farmer*, 512 F.2d 160 (6th Cir.1975).

The judgment of the Oldham Circuit Court is affirmed.

COMBS, J., dissents.

WILHOIT, J., concurs by separate opinion.

WILHOIT, Judge, concurring:

I concur in the majority opinion because I believe the evidence taken from the motel room was not seized illegally. Under the facts as found by the trial court the appellant had no reasonable expectation of privacy in the motel room. Therefore, the trial court properly considered this evidence. Whether illegally seized evidence should be admitted in a probation revocation hearing in this state is a question which we need not consider here.