Kenneth Wayne **BURKE**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2010–CA–000655–MR.

Court of Appeals of Kentucky.

June 10, 2011.

Samuel N. Potter, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Julie Scott Jernigan, Assistant Attorney General, Frankfort, KY, for appellee.

Before CLAYTON and NICKELL, Judges; ISAAC,[1] Senior Judge.

## OPINION

CLAYTON, Judge:

This action is before us as an appeal of the revocation of Appellant, Kenneth Wayne Burke's probation. We affirm the decision of the trial court.

### BACKGROUND INFORMATION

Burke originally pled guilty to Receiving Stolen Property over $300.00 and Persistent Felony Offender I on March 24, 2009. Pursuant to a plea agreement he reached with the Commonwealth, Burke received a ten-year sentence with one year to serve. The remaining nine years was probated for five years.

On November 18, 2009, the Commonwealth filed a motion to revoke Burke's probation. It was alleged that Burke stole a vehicle, failed to report to his probation officer and left the state without permission. On January 25, 2010, a probation revocation hearing was held. At the hearing, Burke stipulated to the probation violations alleged against him. As a result, the trial court revoked his probation. Burke then filed this appeal.

### STANDARD OF REVIEW

■ In reviewing probation hearings, we review the trial court's findings for abuse of discretion. *Tiryung v. Com.*, 717 S.W.2d 503, 504 (Ky.App.1986). Abuse of discretion occurs when "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Com. v. English*, 993 S.W.2d 941, 945 (Ky.1999).

### DISCUSSION

■ In *Morrissey v. Brewer*, 408 U.S. 471–72, 92 S.Ct. 2593, 2596, 33 L.Ed.2d 484 (1972), the U.S. Supreme Court held that, in parole revocation matters, due process requires the following:

a) written notice of the claimed violations of parole;

b) disclosure to the parolee of evidence against him;

c) opportunity to be heard in person and to present witnesses and documentary evidence;

d) the right to confront and cross-examine adverse witnesses . . . ;

e) a 'neutral and detached' hearing body . . . ; and

f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

In *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656 (1973), the Court held that these requirements applied in revoking a defendant's probation as well. *See also A.C. v. Com.*, 314 S.W.3d 319 (Ky.App.2010). In *Rasdon v. Com.*, 701 S.W.2d 716 (Ky.App.1986), the Kentucky Court of Appeals held that due process in probation revocation proceedings requires written findings, which may be oral or written as long as it is on the record, and the defendant is informed of the reasons. Further, Burke argues that he was not advised that he could waive his constitutional rights. *Gagnon* requires that a probation hearing have the due

---

1. Senior Judge Sheila R. Isaac sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

process requirements as outlined in *Morrissey*. Burke was given all of the protections to which he was entitled. A revocation hearing, unlike a guilty plea, is not a stage of a criminal proceeding. The protections pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) or *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are not required. Burke has not claimed that the court did not afford him the protections as outlined in *Gagnon* and *Morrissey*, only that the court did not advise him that he could waive his constitutional rights. There was no requirement for the court to do so and, therefore, no due process violation.

In the present action, Burke had written notice of the grounds when the motion to revoke was filed. At the hearing, no witnesses were called, although there is every indication from the record that he could have chosen to call witnesses had he been so inclined. There is no indication that the trial judge was unfair or impartial, and he set forth on the record that he was revoking Burke's probation because he had failed to check in with his probation officer. Thus, we find the trial court did not abuse its discretion in this case. We thus affirm the decision of the trial court to revoke Burke's probation.

ALL CONCUR.