**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4671**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

RAMON R. HOPE,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Margaret B. Seymour, Senior District
Judge.  (0:05-cr-00095-MBS-1)

———————————

Submitted:  May 21, 2015            Decided:  July 7, 2015

———————————

Before WILKINSON, KING, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

W. Michael Duncan, AUSTIN & ROGERS, P.A., Columbia, South Carolina,
for Appellant.  William N. Nettles, United States Attorney, Jimmie
Ewing, William E. Day, Assistant United States Attorneys,
Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramon R. Hope appeals the district court's order revoking his supervised release. Hope contends that the evidence supporting the supervised release revocation was seized in violation of his Fourth Amendment rights and that the district court erred in declining to apply the exclusionary rule. Finding no reversible error, we affirm.

A district court's decision to revoke supervised release is reviewed for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). In considering the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Brown, 757 F.3d 183, 190 (4th Cir.), cert. denied, 135 S. Ct. 229 (2014).

Hope's claim that the evidence should have been suppressed fails because the exclusionary rule does not apply in supervised release revocation proceedings. See Pa. Bd. of Prob. & Parole v. Scott, 524 U.S. 357, 365 (1998) (stating that "exclusionary rule . . . is incompatible with the traditionally flexible, administrative procedures of parole revocation"); United States v. Armstrong, 187 F.3d 392, 393-95 (4th Cir. 1999) (applying Scott in context of federal supervised release revocation proceedings). Other circuits have recognized an exception to this rule in the case of police harassment. See, e.g., United States v. Charles,

2

531 F.3d 637, 640 (8th Cir. 2008); <u>United States v. Montez</u>, 952 F.2d 854, 857 (5th Cir. 1992); <u>United States v. Farmer</u>, 512 F.2d 160, 162 (6th Cir. 1975).  We conclude that the facts of this case do not support the application of such an exception.

We therefore affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>