RENDERED: APRIL 12, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0686-MR

CHRISTOPHER SMITH        APPELLANT

v.        APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 16-CR-00166

COMMONWEALTH OF KENTUCKY        APPELLEE

AND

NO. 2022-CA-0687-MR

CHRISTOPHER SMITH        APPELLANT

v.        APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 16-CR-00271

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND LAMBERT, JUDGES.

CALDWELL, JUDGE:  Christopher Smith (Smith) appeals from the Henderson Circuit Court order finding him competent, revoking his probation, and imposing a ten (10) year sentence of imprisonment.  We affirm in part, reverse in part, and remand for proceedings consistent with this Opinion.

## FACTS

In April of 2016, Smith was indicted by the Henderson County Grand Jury on various drug offenses and being a persistent felony offender (PFO) in the first degree.  At arraignment, counsel raised the question of whether Smith was competent to stand trial as he had previously been found to be incompetent pursuant to a court order for a competency evaluation.  This competency evaluation determination counsel was referring to also came with a determination that Smith would likely not be able to gain competency in the future.

As the most recent evaluation provided to the court was completed several years earlier, the trial court desired a more current evaluation be conducted and ordered Smith evaluated once more.  Smith was then evaluated by Dr. Steven Sparks (Dr. Sparks) of the Kentucky Correctional Psychiatric Center (KCPC).  Dr. Sparks' report stated he was not able to come to a conclusion about whether Smith was competent to stand trial because he believed Smith was malingering.  Regardless, Dr. Sparks opined Smith was likely competent.

-2-

Smith ultimately entered a guilty plea to various drug offenses in exchange for dismissal of the PFO charge and was sentenced to ten (10) years' imprisonment. Contemporaneously, he entered a guilty plea to unrelated third-degree assault case and was sentenced to five (5) years, to run concurrently with the ten (10) year sentence for a total sentence of ten (10) years. At the time of the entry of this plea, counsel stated having no concerns about Smith's competency. Shortly thereafter, his sentence was suspended by the court and he was placed on five (5) years' probation.

Approximately one year later, Smith was indicted on new drug charges. His probation officer also informed the court Smith violated his probation by failing to complete drug treatment and by using synthetic marijuana. Smith admitted the violations and his probation was revoked, though he was soon granted five (5) years' shock probation. The trial court ordered Smith to remain incarcerated until a bed could be found for him in a drug rehabilitation facility. When no bed could be located because there were other charges pending against Smith, he was released on home incarceration in November of 2018.

Four months later a warrant was issued for Smith's arrest for probation violation when he failed a drug test, testing positive for marijuana. The trial court ordered Smith be again evaluated for competency. Following evaluation

both at KCPC and by a defense expert, a competency hearing was held. The matter was dismissed after the trial court found Smith not competent to stand trial.

In August of 2019, Smith again picked up new charges – a DUI and possession of a controlled substance, cocaine – in Hopkins County. A motion was filed seeking revocation of probation in Henderson County based upon the fact Smith was criminally charged in Hopkins County. The Henderson Circuit Court opted to wait until competency proceedings had been conducted in Hopkins County before taking any action as to the revocation.

In July of 2020, the Henderson Circuit Court, relying upon evaluations and actions taken as part of the Hopkins County case, found Smith competent. Counsel filed a motion to reconsider, which was denied. However in May of 2021, as Hopkins County had not yet held a competency hearing despite the completion of the KCPC evaluation, the Henderson Circuit Court ordered Smith to be again evaluated for competency.

Following evaluations by Dr. Sparks of KCPC and defense expert Dr. Eric Drogin (Dr. Drogin), a competency hearing was conducted in March of 2022. Though Dr. Sparks performed an evaluation of Smith, he was once again unable to provide the court with an opinion as to Smith's competency. Dr. Drogin, citing with particularity Smith's limited intellectual functioning and the intractable nature

of his chronic developmental disability, provided his professional opinion Smith

was not competent and unlikely to regain competency.

Following the hearing, the Henderson Circuit Court found Smith

competent. The court later revoked his probation. It is from this latest

determination of his competency and the subsequent revocation of probation Smith

now appeals.[1] We affirm in part and reverse in part and remand this matter back to

the Henderson Circuit Court.

---

[1] Smith also argues he was not criminally responsible for the offenses charged, due again to his mental health and developmental disabilities. We need not reach this argument at the present time, due to our holding as explained herein. Criminal responsibility is a defense to a criminal prosecution and is a jury question, not a threshold question for the court, as is competency. *See* *Powell v. Graham*, 185 S.W.3d 624, 632 (Ky. 2006). Should Smith face revocation after proceedings consistent with this Opinion, he could forward the defense again at that time. As this Court observed in Smith's prior appeal concerning a previous probation revocation:

> If, however, the court determines that Smith was not criminally responsible for his probation violations, it should consider whether the lack of criminal responsibility, under the circumstances of this case, is a defense to his probation violations, is not a defense to his probation violations, or is simply a mitigating factor to be considered in the revocation determination, and issue a revocation determination accordingly.

*Smith v. Commonwealth*, No. 2006-CA-002206-MR, 2007 WL 2745378, at *5 (Ky. App. Sep. 21, 2007).

Smith also claims the trial court did not comply with Kentucky Revised Statute (KRS) 439.3106 in revoking probation. Again, as we are reversing for competency procedures, it is not necessary to determine whether the trial court complied with the statute in revoking as we hold herein the trial court erred in conducting the probation revocation hearing without properly considering competency.

## STANDARD OF REVIEW

A trial court's determination as to the competency of an accused must be supported by substantial evidence.

> "A competency determination is based on the preponderance of the evidence standard." *Chapman v. Commonwealth*, 265 S.W.3d 156, 174 (Ky. 2007). We review a trial court's finding of competency for clear error and will reverse only if it is not supported by substantial evidence. *Id.*

*Jackson v. Commonwealth*, 319 S.W.3d 347, 349 (Ky. 2010). "Since the trial judge's conclusion was supported by substantial evidence, it was not clearly erroneous. *Plumb v. Commonwealth*, Ky., 490 S.W.2d 729, 731 (1973)." *Fugate v. Commonwealth*, 62 S.W.3d 15, 18 (Ky. 2001).

## ANALYSIS

The threshold question raised in this case is whether a person facing probation revocation must be competent before a revocation hearing can be held. We hold if a court has a reasonable belief that an accused might not be competent any time during a revocation proceeding, that court must ensure an accused is competent prior to proceeding to a revocation hearing. We affirm the trial court's order seeking a competency evaluation and opinion of an expert as to Smith's competency under KRS 504.100.

Kentucky Rule of Criminal Procedure (RCr) 8.06 requires a defendant be competent during all critical stages of the proceedings against him:

If upon arraignment or during the proceedings there are reasonable grounds to believe that the defendant lacks the capacity to appreciate the nature and consequences of the proceedings against him or her, or to participate rationally in his or her defense, all proceedings shall be postponed until the issue of incapacity is determined as provided by KRS 504.100.

KRS 504.100:

(1) If upon arraignment, or during any stage of the proceedings, the court has reasonable grounds to believe the defendant is incompetent to stand trial, the court shall appoint at least one (1) psychologist or psychiatrist to examine, treat and report on the defendant's mental condition.

(2) The report of the psychologist or psychiatrist shall state whether or not he finds the defendant incompetent to stand trial. If he finds the defendant is incompetent, the report shall state:

(a) Whether there is a substantial probability of his attaining competency in the foreseeable future; and

(b) What type treatment and what type treatment facility the examiner recommends.

(3) After the filing of a report (or reports), the court shall hold a hearing to determine whether or not the defendant is competent to stand trial.

The Commonwealth questions on appeal whether a competency determination is necessary in the context of a probation revocation, citing this Court's unpublished opinion in *Cook v. Commonwealth.*[2] In *Cook*, this Court

---

[2] No. 2012-CA-0163-MR, 2013 WL 4710344 (Ky. App. Aug. 30, 2013).

observed, "This court is unaware of any law entitling a probationer to a competency hearing prior to a probation revocation." *Id.* at *2. Perhaps this Opinion will ameliorate that deficit in our caselaw.

In *Nelson v. Shake*, the Kentucky Supreme Court held a reasonable interpretation of RCr 8.06's use of the word "proceedings" would encompass post-indictment proceedings, holding there is no right to a competency hearing prior to Grand Jury proceedings. 82 S.W.3d 914, 916 (Ky. 2002). The Court held, "A proceeding of the Grand Jury does not fall within RCr 8.06 because the competency of an individual is irrelevant to indictment." *Id.* Further, the Court held RCr 8.06 "relates to a defendant's ability to rationally participate in his defense." While a potential defendant possesses no right to present evidence before a Grand Jury, one is entitled to due process in a probation revocation, and the ability of the probationer to assist in his defense is meaningful.

Coincidentally, in a prior opinion of this Court considering whether Smith's prior probationary period was properly revoked in 2006, this explanation of the due process rights of a probationer was provided:

> A probationer is not entitled to the full panoply of due process rights required for criminal prosecutions. *Marshall v. Commonwealth*, 638 S.W.2d 288, 289 (Ky. App. 1982). The United States Supreme Court set out the minimum due process rights for parole revocation proceedings in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). These rights were subsequently held to be equally applicable to probation

revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 1759-60, 36 L. Ed. 2d 656 (1973). Those minimum due process requirements are:

> (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.

*Gagnon*, 411 U.S. at 786, 93 S. Ct. at 1761-62, quoting from *Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604.

> Further "[i]t is clear in this Commonwealth that probation is a privilege rather than a right." *Brown v. Commonwealth*, 564 S.W.2d 21 (Ky. App. 1977)." Kentucky courts have repeatedly held that there is no constitutional right to [probation or] parole, but rather [they are] matter[s] of legislative grace or executive clemency." *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999); *Tiryung v. Commonwealth*, 717 S.W.2d 503 (Ky. App. 1986).

*Smith*, 2007 WL 2745378, at *2-3.

While probation may be a matter of grace, the clear language of *Gagnon*, *supra*, indicates competency is nonetheless implicated in revocation proceedings. Items (b), (c), and (d), listed by the United States Supreme Court in

*Gagnon* clearly contemplate the probationer be able to assist counsel in preparing a defense to the revocation.[3]

Our Supreme Court has recognized it is this ability to assist counsel in preparing a defense which strikes at the heart of a competency determination, *i.e.*, if one is not competent to stand trial, it is in large measure because one is unable to assist his counsel in a meaningful manner.  In *Bishop v. Caudill*, the Court provided a cogent explanation of the need for competency in any proceeding

---

[3]
> It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. Thus, Blackstone wrote that one who became 'mad' after the commission of an offense should not be arraigned for it 'because he is not able to plead to it with that advice and caution that he ought.' Similarly, if he became 'mad' after pleading, he should not be tried, 'for how can he make his defense?'  4 W. Blackstone Commentaries, *24, *See Youtsey v. United States*, 97 F. 937, 940-946 (CA6 1899). Some have viewed the common-law prohibition 'as a by-product of the ban against trials in absentia; the mentally incompetent defendant, though physically present in the courtroom, is in reality afforded no opportunity to defend himself.' Foote, A Comment on Pre-Trial Commitment of Criminal Defendants, 108 U.Pa.L.Rev. 832, 834 (1960).  *See Thomas v. Cunningham*, 313 F.2d 934, 938 (CA4 1963).  For our purposes, it suffices to note that the prohibition is fundamental to an adversary system of justice. See generally Note, Incompetency to Stand Trial, 81 Harv.L.Rev. 455, 457-459 (1967).  Accordingly, as to federal cases, we have approved a test of incompetence which seeks to ascertain whether a criminal defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, [362 U.S. 402], 80 S. Ct. 788, 4 L. Ed. 2d 824 [(1960)].

*Drope v. Missouri*, 420 U.S. 162, 171-72, 95 S. Ct. 896, 903-04, 43 L. Ed. 2d 103 (1975).

wherein evidence is adduced and factual allegations are forwarded, like a probation

revocation proceeding:

> As further explained by Professors Fortune and Lawson
> in Kentucky Criminal Law, § 5-4(b) p. 210 (Lexis 1998):
>
>> The focus in these determinations is on the
>> defendant's mental condition at the time of the
>> proceeding (not at the time of the criminal act).
>> The following statement describes the nature of the
>> inquiry:
>>
>>> 'Under this test, there are two distinct
>>> matters to be determined:
>>>
>>>> (1) whether the defendant is sufficiently
>>>> coherent to provide his counsel with
>>>> information necessary or relevant to
>>>> constructing a defense; and
>>>>
>>>> (2) whether he is able to comprehend the
>>>> significance of the trial and his
>>>> relation to it. The defendant must
>>>> have an 'ability to confer
>>>> intelligently, to testify coherently, and
>>>> to follow the evidence presented.' It
>>>> is necessary that the defendant have a
>>>> rational as well as a factual
>>>> understanding of the proceedings.'
>>
>> Would defendant recognize false testimony by a
>> witness and would he know to advise counsel of that
>> fact? Does he understand the roles of trial participants
>> (i.e. that the prosecutor is his adversary, that the judge
>> decides his fate, that his counsel acts in his best interest,
>> etc.)? Does he understand that convictions will result in
>> sanctions? The inquiry is a factual one that necessarily
>> depends upon the peculiar facts and circumstances of the

-11-

case. (*quoting* LaFave & Scott, Criminal Law, 333-34 (2d ed.1986)).

118 S.W.3d 159, 163 (Ky. 2003).

During a probation revocation proceeding, witnesses will testify against the interests of the probationer. Further, there may be factual allegations lofted of which the probationer may possess particular knowledge. In this regard, the importance of competency becomes clear. The ability to assist counsel and appreciate the proceedings is essential where, as here, there are allegations of the commission of new offenses which provide a basis, or partial basis, for the motion to revoke. In such cases, assisting counsel and understanding the proceedings is vital. The probationer must be competent, lest his incompetence lead not only to revocation, but possibly to additional criminal convictions.

Having now held a trial court has a responsibility to ensure competency before conducting a probation revocation hearing, we affirm the trial court's act in the present case of ordering an evaluation of competency before proceeding with revocation. We now move to a review of the trial court's determination as to competency in the present case.

The KCPC report provided pursuant to the trial court's order in this matter offered no opinion as to Smith's competency, though Dr. Sparks indicated in his report he "strongly suspected" Smith was competent. Such report fails to assist the court and fails to meet the requirements of KRS 504.100.

The language of the statute is clear. The expert appointed by the trial court to assist it in determining competency *is required* to provide the court with an opinion as to competency. KRS 504.100(2) ("The report of the psychologist or psychiatrist *shall* state whether or not he finds the defendant incompetent to stand trial.") (emphasis added). Indeed, the Kentucky Supreme Court has held the requirement of a finding is compulsory as to the expert appointed by the court to provide an evaluation.

> We would agree that the language of subsection (2) requires a specific finding of competency. However, in reading the statute as a whole, we believe the requirements of specificity in subsection (2) apply only to the report of the court-appointed neutral expert, and not to the defendant's independent expert. The language of subsection (2) is clearly in reference to the court-appointed psychologist or psychiatrist in subsection (1), and applies to the report from that examiner, who is working for the court and not the defense or the prosecution.

*Commonwealth v. Wooten*, 269 S.W.3d 857, 863 (Ky. 2008) (citation omitted).

The report of Dr. Sparks, appointed by the court in this matter to assist it in determining Smith's competency, fails to comply with the statute. As such, the report fails to meet the requirements of the statute. It was clear error for the trial court to consider a report which does not meet the requirements of the statute and it was error to conduct a competency hearing without having a proper report of the appointed expert in hand.

The trial court erred in making a competency determination without a statutorily compliant report before it. We hold it would have been error for the trial court to have relied solely upon the report of defense expert. Although Dr. Drogin determined Smith was incompetent, as an expert hired by the defense, he is not neutral. The report of a defense expert does not meet the requirements of the statute.

Prosecution of a person who is not competent to stand trial offends due process of law under the Fourteenth Amendment. *Medina v. California*, 505 U.S. 437, 439, 112 S. Ct. 2572, 2574, 120 L. Ed. 2d 353 (1992); *Henderson v. Commonwealth*, 563 S.W.3d 651, 664 (Ky. 2018). The trial court erred when it ruled on Smith's competency without having a report complying with KRS 504.100(2) before it. Because there was no complying report before the trial court, there was a lack of substantial evidence to support the competency determination, which renders the determination clear error.[4]

---

[4] *See Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003):

> And, the dispositive question that we must answer, therefore, is whether the trial court's findings of fact are clearly erroneous, i.e., whether or not those findings are supported by substantial evidence. "[S]ubstantial evidence" is "[e]vidence that a reasonable mind would accept as adequate to support a conclusion" and evidence that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men."

(Footnote omitted.)

The statute requires the court, having reason to question the competency of an accused and having entered an order seeking an expert opinion on competency, cannot proceed to hold a competency hearing until that report has been provided. *See Padgett v. Commonwealth*, 312 S.W.3d 336 (Ky. 2010);[5] *Woolfolk v. Commonwealth*, 339 S.W.3d 411 (Ky. 2011), *as corrected* (Apr. 27, 2011).[6]

## CONCLUSION

The trial court properly ordered an evaluation of Smith's competency be conducted pursuant to KRS 504.100 and RCr 8.06 before considering the motion to revoke his probation. However, when the expert failed to return a report which complied with the dictates of KRS 504.100(2), the trial court erred in proceeding to the competency hearing and entering a finding as to competency.

---

[5]    In contrast, the statutory right to a hearing requires only that, once an exam and report have been ordered based on reasonable grounds and the report has been filed with the court, the court *shall* conduct a competency hearing. KRS 504.100(3). The obvious inference is that, lacking substantial evidence of incompetency, constitutional grounds are not implicated, though statutory grounds may be.

312 S.W.3d at 347.

[6]    Thus, while the failure to conduct a competency hearing implicates constitutional protections only when "substantial evidence" of incompetence exists, mere "reasonable grounds" to believe the defendant is incompetent implicates the statutory right to an examination and hearing.

339 S.W.3d at 422.

-15-

Only once the trial court has a report meeting the requirements of the statute, *i.e.*, providing an expert opinion as to competency, may the court hold a competency hearing and make a competency determination. The trial court committed clear error when it proceeded without a complying report as the reception of a report containing an expert opinion on competency is a condition precedent to proceeding to a hearing and then a determination.

Therefore, we affirm the trial court's order seeking a competency evaluation, but reverse both the holding as to competency and the ultimate determination to revoke Smith's probation as there was no proper determination of his competency prior to the revocation hearing. The trial court shall first conduct a proper competency procedure and shall only proceed to a revocation hearing after such and a resultant finding of competency.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kayley V. Barnes
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky