Charles **FOWLER**, Jr., Appellant,

v.

Harold **BLACK**, Director, Bureau of
Corrections, etc., Appellee.

Court of Appeals of Kentucky.

Jan. 18, 1963.

Charles Fowler, Jr., pro se.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

While serving a sentence in the Kentucky State Reformatory Charles Fowler, Jr., violated certain regulations of that institution and was penalized under the provisions of KRS 197.045. This penalty consisted of the revocation of certain accumulated credit on his sentence and the denial of the privilege of earning further credit for a specific period.

Fowler brought this action in the Lyon Circuit Court seeking a judgment directing appellee to rescind the aforementioned penalty, contending, in effect, that he had been deprived of his statutory rights "without due process of law." The trial court dismissed the complaint because it failed to state facts upon which relief could be granted. On this appeal Fowler reasserts the argument he made in the circuit court.

While KRS 197.045 does permit the Department of Welfare to allow a prisoner to earn, by obeying the rules of the prison, a credit on his sentence of not exceeding ten days for each month served, this statute also authorizes the Department to forfeit the time earned by the prisoner and to deny the prisoner the privilege of earning any credit if the prisoner violates the rules of the institution. Hence, the privilege granted by this statute is not a vested right, but it is merely a conditional gratuity which may be forfeited by the prisoner's misconduct. See, State Board of Charities and Corrections v. Combs, 193 Ky. 548, 237 S. W. 32.

Since the benefit that a prisoner may receive under this statute is a matter of legislative grace, the General Assembly could impose such conditions as it deems best for society. Willard v. Ferguson, Ky., 358 S.W.2d 516. When Fowler claims the benefit provided by the statute he necessarily is bound by the condition which re-

serves to the Department the right to determine whether he was entitled to receive such benefit. We find no violation of "due process" involved in administering this statute. See Commonwealth ex rel. Meredith v. Hall, 277 Ky. 612, 126 S.W.2d 1056. We are of the opinion that the circuit court entered the correct judgment.

Judgment affirmed.