**Roy WELCH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1997–CA–002536–MR.

Court of Appeals of Kentucky.

Feb. 5, 1999.

Publication Ordered March 26, 1999.

Mark Wettle, Louisville, for Appellant.

A.B. Chandler III, Attorney General, Anitria M. Franklin, Assistant Attorney General, Frankfort, for Appellee.

Before: BUCKINGHAM, JOHNSON, and KNOX, Judges.

KNOX, J.

Appellant, Roy Welch, appeals from an order of the Wayne Circuit Court revoking his misdemeanor probation. In April 1996, appellant, who had been indicted for first-degree stalking, entered a plea of guilty to the misdemeanor charge of second-degree stalking, pursuant to the Commonwealth's recommendation. Upon the Commonwealth's recommendation, appellant was sentenced to eight (8) months. The trial court conditionally discharged that sentence for a period of two (2) years, and placed appellant on probation. A condition of appellant's release was that "the defendant avoid all contact with the prosecuting witness, Cynthia Welch, except for contact by written correspondence transmitted through the U.S. Mail Service, relative to the care, custody and support of their minor child."

In July 1997, the Commonwealth moved to revoke appellant's probation. During the hearing upon the Commonwealth's motion, the trial court heard evidence that between July 3, 1997, and July 22, 1997, Cynthia Welch received seventeen (17) or eighteen (18) telephone calls from appellant's home telephone and one (1) call from appellant's place of employment. On each occasion, upon Cynthia's picking up the receiver, the caller hung up. Cynthia was able to identify the source of the calls by way of a caller identification box attached to her telephone. Ralph Miniard, the chief of police for the City of Monticello, testified that he videotaped Cynthia Welch's caller identification box displaying appellant's telephone numbers.

Based upon the evidence, the trial court revoked appellant's probation. In doing so, the court found that appellant had violated the condition of his discharge prohibiting him from having contact with Cynthia Welch.

On appeal, appellant argues that the trial court abused its discretion in ruling that appellant had violated the no-contact terms of his probation. Appellant maintains that since no actual communication took place during the calls, there was no "contact" between appellant and Cynthia Welch. However, we disagree.

We are mindful that "[o]ur review is limited to a determination whether, after a hearing, the trial court abused its discretion in revoking the appellant's parole." *Tiryung v. Commonwealth*, Ky.App., 717 S.W.2d 503, 504 (1986). While no verbal communication occurred between appellant and Cynthia Welch, we believe the act of repeatedly causing her the inconvenience of responding to harassing hang-up calls constitutes "contact" within the meaning and intent of the court's conditional discharge order. For that reason, we believe the trial court acted fully within its discretion in revoking appellant's probation.

For the foregoing reasons, we affirm the judgment of the Wayne Circuit Court.

ALL CONCUR.