Keith Aaron **DUNSON**, Appellant,

v.

**COMMONWEALTH** of Kentucky,
Appellee.

No. 1999–CA–001253–MR.

Court of Appeals of Kentucky.

Aug. 3, 2001.

Case Ordered Published by
Court of Appeals Oct. 5, 2001.

Keith Eardley, Lexington, KY, for Appellant.

Albert B. Chandler, III, Attorney General, Dennis W. Shepherd, Assistant Attorney General, Frankfort, KY, for Appellee.

Before: JOHNSON, SCHRODER and TACKETT, Judges.

JOHNSON, Judge:

Keith Aaron Dunson has appealed from a final judgment of the Fayette Circuit Court entered on May 20, 1999, which found that he had violated the terms of his probation by failing to successfully complete a drug treatment program and sentenced him to prison for a term of five years. Having concluded that Dunson was afforded all rights to which he was entitled and that the trial court did not abuse its discretion, we affirm.

On January 6, 1998, Dunson was indicted by a Fayette County grand jury for the unlawful possession of a gun on school property,[1] a Class D felony. On January 23, 1998, Dunson, through counsel, filed a waiver of further proceedings and petition to enter a plea of guilty. When Dunson appeared for sentencing, the trial court presented him with a choice of serving the one-year sentence recommended in his plea agreement, or being placed on probation for five years on the condition that he successfully complete a drug treatment program. Against the advice of his counsel, Dunson chose to enter the drug treatment program.

At a hearing on April 23, 1999, the Fayette Circuit Court ruled that there was probable cause to believe that Dunson had violated the conditions of his probation by failing to successfully complete the drug treatment program. On May 11, 1999, a probation revocation hearing was held. Connie Reed, the treatment coordinator of Fayette County Drug Court, testified that Dunson's termination from the program was due to eight specific violations over the course of a four-month period. In addition to these violations, Dunson had been charged with another criminal offense. Reed also testified that Dunson did not display the proper attitude and that he was not allowing the treatment program to help him. After hearing the evidence, the circuit court ruled that Dunson had violated the conditions of his probation by failing to successfully complete the drug court treatment program and it revoked Dunson's probation. This appeal followed.

■ We are limited in our review of the trial court's decision to revoke Dunson's probation to determining whether the trial court abused its discretion.[2] In *Tiryung*, the trial court revoked the appellant's probation based in large part on evidence that was illegally seized during a warrantless search. The Court of Appeals held that the trial court did not abuse its discretion by allowing this evidence at the probation revocation hearing. The Court stated, "[o]ne may retain his status as a probationer only as long as the trial court is satisfied that he has not violated the terms or conditions of the probation." [3]

■ In the case *sub judice*, it is undisputed that Dunson violated the terms of his probation. One of the conditions of Dunson's probation was that he successfully complete Fayette County's Drug Court program. Dunson simply failed to do so. Over a four-month period Dunson failed five drug screens, he failed to appear for three others, and he was charged with an unrelated felony that was reduced to a misdemeanor so he could continue in the drug treatment program. Furthermore, according to Reed, Dunson was repeatedly offered additional counseling, but refused to accept it. When Dunson was asked at his probation hearing whether Reed's testimony was a fair and accurate description of his participation in the Drug Court program, he responded "yes sir." Clearly, there were sufficient grounds for the trial

---

1. Kentucky Revised Statutes (KRS) 527.070(1).

2. *Tiryung v. Commonwealth*, Ky.App., 717 S.W.2d 503, 504 (1986). *See also Welch v. Commonwealth*, Ky.App., 988 S.W.2d 506, 507 (1999); and *Land v. Commonwealth*, Ky., 986 S.W.2d 440, 442 (1999) (citing *Fowler v. Black*, Ky., 364 S.W.2d 164 (1963); *Belcher v. Ky Parole Board*, Ky.App., 917 S.W.2d 584

(1996); *Lynch v. Wingo*, Ky.App., 425 S.W.2d 573 (1968)), which states, "[K]entucky courts have repeatedly held that there is no constitutional right to parole, but rather parole is a matter of legislative grace or executive clemency."

3. *Tiryung, supra.*

court to conclude that Dunson had violated the terms of his probation, and revoking his probation was not an abuse of discretion.

■ Dunson's primary argument is that he was not afforded representation by counsel at the Drug Court hearing and therefore his due process rights were violated. However, as the Commonwealth points out, Dunson was never without counsel at any critical stage of the proceedings, and Dunson's brief supports this finding.[4]

Dunson's brief states:

In *Gagnon v. Scarpelli*, [411 U.S. 778,] 93 S.Ct. 1756[, 36 L.Ed.2d 656] (1973), the United States Supreme Court discusses the importance of being represented by counsel at a probation revocation hearing. The court held that there is not an absolute right to appointed counsel at a probation hearing. The need for counsel is to be made on a "case-by case" basis. *Id.* at 1763. *If the grounds for the revocation are not in dispute, as in the case of the conviction of a new offense, then appointed counsel might not be required. Id.* at 1764. But if there are contested issues, then the need for appointed counsel is apparent since the "unskilled or uneducated probationer ... may well have difficulty in presenting his version of a disputed set of facts" [emphasis added]. *Id.* at 1762.

Appellant contends that he should have received appointed counsel at his termination from Drug Court hearing. To the extent that Appellant's termination from Drug Court resulted in the revocation of Appellant's probation, Appellant had substantial rights at stake. Decisions to terminate from Drug Court are made on a case-by-case basis and are not made according to precise guide-

lines. It is beyond question that Appellant could have benefited from the assistance of appointed counsel in presenting his version of events at the hearing. Had Appellant had appointed counsel, it is conceivable that a decision to terminate Appellant from Drug Court would not have been made. And had Appellant not been terminated from Drug Court, Appellant's probation would not have been revoked [citation to record omitted].

In the case *sub judice*, there are no "contested issues" and the "grounds" for revocation are not in dispute. Clearly, Dunson violated the terms of his probation. Dunson repeatedly violated the terms and conditions of Drug Court and his termination from that program certainly provided the trial court with grounds for revocation of his probation.

This case is clearly distinguishable from the cases cited by Dunson. Dunson was represented by counsel at the probation revocation hearing. The cases cited by Dunson have held that the determination of whether counsel is necessary is to be made on a case-by-case basis. The Supreme Court in *Gagnon* held:

We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness-the touchstone of due process-

4. *Commonwealth v. Watkins,* Ky., 398 S.W.2d 698, 699 (1966).

will require that the State provide at its expense counsel for indigent probationers or parolees.

Dunson insists that since he was not represented by counsel at the Drug Court termination hearing, he was denied representation at a critical stage of the proceedings. However, Dunson was represented by counsel at the probation revocation hearing; and at that hearing, Dunson and his counsel had the opportunity to cross-examine the drug treatment program's coordinator, to present his side of the case, and to argue that he should not have been terminated from Drug Court. Dunson's attempt to elevate the drug treatment program to a critical stage of the revocation proceedings must fail. While this particular drug treatment program is known as the "Fayette County Drug Court" and while it is operated through this state's Court of Justice, the "Drug Court" is not a "court" in the jurisprudence sense; it is a drug treatment program administered by the court system. Accordingly, Dunson's termination from this particular drug treatment program was not subject to due process protections any more than his participation in a private drug treatment program would have been, or his participation in any other rehabilitation program such as anger management counseling or a job training program.

Since Dunson was afforded an opportunity to argue his case at the proper time, was represented by counsel at every critical stage of the proceedings and his due process rights were not violated, the final judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.