OPINION OF THE COURT BY JUSTICE HUGHES
*47 Kentucky Revised Statute (KRS) 197.047 allows work-time sentence credit to inmates, but the credit is not available to a prisoner who is serving a sentence for a violent offense. Although the trial court upheld the Kentucky Department of Corrections' (Department) denial of work-credit to Mark Dixon, an inmate serving a sentence for both violent and nonviolent offenses, the Court of Appeals reversed that decision. The Court of Appeals concluded that Dixon's aggregate sentence for three separate crimes can be separated into discrete parts, and after completion of 85% of the sentence he received for a violent offense he was entitled to work-credit on the remaining portion of his sentence, i.e., the years attributable to nonviolent crimes. We granted discretionary review to address the application of KRS 197.047 to inmates serving an aggregate sentence composed of consecutive sentences for both violent and nonviolent offenses. We conclude that a violent offender's aggregate sentence cannot be separated into discrete violent and nonviolent components for the purposes of awarding work-time sentence credit, and thus reverse the Court of Appeals.
FACTUAL AND PROCEDURAL BACKGROUND
In October 2000, Dixon was indicted for first-degree burglary, first-degree assault, and second-degree assault. A jury found Dixon guilty of the burglary charge and he subsequently entered guilty pleas to the assault crimes. In 2001, the Fayette Circuit Court sentenced Dixon to fifteen years for first-degree burglary, ten years for first-degree assault, and one year for assault under extreme emotional disturbance. The final judgment and order required Dixon to serve the three sentences consecutively, resulting in a total sentence of twenty-six years in prison.
In 2014, Dixon initiated an administrative review of his sentence, contending that because the sentence for his only violent offense - the ten-year First-degree assault sentence - had been served, he was entitled to work-time credit. Throughout the review and appeal process, the Department denied the credit on the grounds that Dixon's total combined sentence of twenty-six years was not partitionable by offense and, as a violent offender under KRS 439.3401, he was not allowed any work-time credit. After exhausting his administrative review remedies, Dixon filed a declaratory judgment action in Franklin Circuit Court seeking work-time credit on his separate nonviolent sentences. The trial court concluded Dixon was not entitled to work-time credit under KRS 197.047, which specifically disallows credit to inmates serving a sentence for a violent offense, and dismissed the petition.
On appeal, a divided Court of Appeals' panel reversed the trial court, with the majority concluding Dixon was entitled to work-time credit on his nonviolent offense sentences. The dissent disagreed on the basis that the Department's decisions awarding such credit are always discretionary under the controlling statute, KRS 197.047(7). The Court of Appeals remanded the case with directions for the trial court to enter an order requiring the Department *48 to award Dixon work-time credit after he served the mandatory 85% of the sentence for the violent offense.[1] This Court granted discretionary review.
ANALYSIS
The resolution of this appeal primarily depends upon the interpretation of two statutes: KRS 197.047, relating to work-time sentence credit for state prisoners, and KRS 532.120, relating to calculating terms of imprisonment. The two questions raised are 1) whether the disallowance of sentence credit to a violent offender under KRS 197.047(6)(b) applies to the aggregate sentence imposed pursuant to KRS 532.120(1)(b) when it is composed of sentences for both violent and nonviolent offenses; and 2) if the disallowance does not apply to the aggregate sentence, whether the Department's award of work-time credit toward a nonviolent sentence is wholly discretionary under KRS 197.047(7).[2] We conclude that the prohibition in KRS 197.047(6)(b) applies to the aggregate sentence rather than disallowing work-time credit for only a component violent-offense sentence. Having so concluded, we do not reach the contingent second question regarding the Department's discretion.
Throughout this matter, the Department has contended that under KRS 532.120(1)(b) Dixon's three consecutive, indeterminate sentences were aggregated into a single 26-year sentence and there is no authority for "unpacking" the sentence so that KRS 197.047 work-time credit may apply to any portion of the sentence received for a nonviolent offense, i.e., the sixteen years attributable to the burglary (fifteen years) and assault under extreme emotional disturbance (one year). Dixon counters that interpreting the prohibition in KRS 197.047(6)(b) to apply also to the nonviolent component of his aggregate sentence would render the statute's explicit application to a sentence for a "violent offense" pointless. Dixon also disputes the Department's position that his 26-year sentence cannot be "unpacked," pointing to his parole eligibility being calculated at 85% on the ten-year violent offense and 20% on the nonviolent offenses. We conclude the applicable statutes support the Department's position on an aggregate sentence, but before turning to the specific statutes we review some guiding principles.
As we stated in Saxton v. Commonwealth, 315 S.W.3d 293, 300 (Ky. 2010), "[d]iscerning and effectuating the legislative intent is the first and cardinal rule of statutory construction." Legislative intent is derived from the plain reading of a statute's language unless there is ambiguity. See MPM Fin. Group, Inc. v. Morton, 289 S.W.3d 193, 197 (Ky. 2009) (citing *49 Whittaker v. McClure, 891 S.W.2d 80, 83 (Ky. 1995) ). Generally, "[t]he statute must be read as a whole and in context with other parts of the law. All parts of the statute must be given equal effect so that no part of the statute will become meaningless or ineffectual." Lewis v. Jackson Energy Co-op. Corp., 189 S.W.3d 87, 92 (Ky. 2005). Likewise, when construing multiple statutes, the statutes are read "in harmony with one another in order to effectuate all statutes, if possible." Castle v. Commonwealth., 411 S.W.3d 754, 757-58 (Ky. 2013) (citing Ledford v. Faulkner, 661 S.W.2d 475, 476 (Ky. 1983) ). In construing statutes, we "presume that the General Assembly did not intend an absurd statute or an unconstitutional one." Shawnee Telecom Res., Inc. v. Brown, 354 S.W.3d 542, 551 (Ky. 2011) (citing Layne v. Newberg, 841 S.W.2d 181 (Ky. 1992) ).
Statutory construction principles are front and center in this case because credit against a prisoner's sentence is a matter of statute. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) ; see Huff v. Commonwealth., 763 S.W.2d 106, 108 (Ky. 1988) (citations omitted). Nevertheless, Congress and our General Assembly, respectively, may enact sentence credit statutes allowing for an inmate's early release because such statutes can serve the public-interest purposes of rehabilitation and deterrence. See Greenholtz, 442 U.S. at 7-8, 99 S.Ct. 2100 ; Fowler v. Black, 364 S.W.2d 164 (Ky. 1963) ("Since the benefit that a prisoner may receive under [ KRS 197.045 ] is a matter of legislative grace, the General Assembly could impose such conditions as it deems best for society.") (citing Willard v. Ferguson, 358 S.W.2d 516 (Ky. 1962) ). Accordingly, Kentucky has enacted KRS 197.047, allowing prisoners "work-time" credit, in addition to a sister statute, KRS 197.045, allowing "good-time" credit.
KRS 197.047,[3] the "credit on sentence for work" statute, states "[t]he department may grant sentence credits to inmates confined in a detention facility for labor performed in a governmental services program or within a detention facility for the maintenance of the facility or for the operation of facility services such as food service." KRS 197.047(7). However, KRS 197.047(6)(b) provides an exception to the award of work-time credit which states: "[t]he sentence credit provisions of this section shall not apply to a prisoner who is serving a ... [s]entence for a violent offense as defined in KRS 439.3401."[4] In pertinent part for this case, KRS 439.3401(1) states: " 'Violent offender' means any person who has been convicted of or pled guilty to the commission of: ... (c) A Class B felony involving the death of the victim or serious physical injury to a victim."
*50 Dixon was convicted of assault in the first degree and, without dispute, is classified as a violent offender under KRS 439.3401(1)(c). He does not dispute that he cannot earn work-time sentence credits while serving his violent offense sentence but, as noted, advocates separating his total sentence into violent and nonviolent component parts. We turn to KRS 532.120 in considering whether our legislature has authorized breaking an aggregate sentence into individual sentence components when applying KRS 197.047(6)(b) work credits.
KRS 532.120 states in relevant part:
(1) An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the Department of Corrections. When a person is under more than one (1) indeterminate sentence, the sentences shall be calculated as follows:
(a) If the sentences run concurrently, the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run; or
(b) If the sentences run consecutively, the maximum terms are added to arrive at an aggregate maximum term equal to the sum of all the maximum terms.
This statute refers to an "aggregate maximum sentence" and provides no authority for breaking that aggregate sentence into component parts. With that basic sentencing principle established, we return to the language of the work-time credit statute.
As noted above, KRS 197.047(6)(b) states that "[t]he sentence credit provisions of this section shall not apply to a prisoner who is serving a ... [s]entence for a violent offense." (Emphasis added.) By its terms, KRS 197.047(6)(b) applies to a prisoner serving a violent-offense sentence rather than to the sentence for that specific violent offense, i.e., the emphasis is on any inmate serving a violent offender sentence. Nothing in the work-credit statute authorizes a violent offender serving an aggregate sentence for both violent and nonviolent crimes to have his sentence partitioned into violent and nonviolent portions, just as nothing in the general sentencing statute allows such breaking of an aggregate sentence into discrete parts.
Furthermore, by employing KRS 532.120 to define the way multiple consecutive sentences are to be summed into an "aggregate," a single whole or total formed by combining several elements,[5] the General Assembly made clear its intent that the several consecutive sentences imposed in a judgment be viewed as a single unit. Thus, a violent offender confined under consecutive sentences must be regarded as undergoing a single, continuous term of confinement, which is satisfied by discharge of that unit of time, rather than a series of distinct, independent terms. Without authority in either the general sentencing statute or KRS 197.047 for "unpacking" an aggregate sentence, neither the Department nor the courts are at liberty to do so; otherwise we would be countenancing the reduction of a validly imposed sentence without proper legislative authorization. Fowler, 364 S.W.2d at 164 (Statutory credits against sentence are a "matter of legislative grace.").
Adhering to the statutory text, moreover, brings uniformity to the manner in which a sentence is served despite the types of crimes and terms of sentences involved. If Dixon's view that the several sentences in an aggregate sentence are actually discrete, separable components were adopted, no authority or guidance is *51 provided for determining the order of serving those sentences.[6] Would the longest sentence be deemed the first component of the aggregate sentence? If so, Dixon's fifteen-year sentence for first-degree burglary would have to be served first before his ten-year sentence for the violent assault conviction. Alternatively, would a violent-offense sentence take priority in the line-up? In that case, Dixon's first-degree assault sentence would be deemed the first sentence. And in the case of a prisoner with even more combined convictions - for example, two violent offenses and four nonviolent offenses - what would dictate the order of service? Leaving aside these difficulties, should parole eligibility have any impact? Although Dixon had served sufficient time to "serve out" his violent offense, assuming it was deemed the first sentence in his twenty-six-year sentence, the Court of Appeals inserted the additional "rule" that a prisoner with an aggregate sentence is entitled to work-credit on the nonviolent offenses "after he has served the mandatory 85% of the sentence for his violent offense." Just as the concept of segregation of an aggregate sentence into component parts has no basis in our statutes, neither does the concept of awarding work-credit after serving a mandatory percentage of a violent-offense sentence.
Although we do not find ambiguity in the statutes at issue, we note that the work-time credit statute is comparable to the good-time credit statute and if it were necessary to construe the statutes together to resolve the issue presented here, we would reach the same result. KRS 197.045, the "good-time" sentence credit statute has been amended multiple times since 1956 to include different types of credit, some mandatory and some discretionary. KRS 197.045(1)(a), which states "Any person convicted and sentenced to a state penal institution ... [s]hall receive a credit on his or her sentence for," makes sentence credit mandatory for prior confinement, educational accomplishment, and drug treatment. On the other hand, KRS 197.045(1)(b), which states "Any person convicted and sentenced to a state penal institution ... [m]ay receive a credit on his or her sentence for" makes sentence credit discretionary for good behavior (subsection (1) ), meritorious service (subsection (2) ), and exceptional service during times of emergency (subsection (3) ). These credits are awarded according to KRS 197.045(3) which states that "[w]hen two (2) or more consecutive sentences are to be served, the several sentences shall be merged and served in the aggregate for the purposes of the sentencing credit computation or in computing dates of expiration of sentence." However, pursuant to KRS 439.3401(4), a violent offender cannot be awarded any sentence credit under KRS 197.045(1)(b)(1) for good behavior.
In Joseph v. Kentucky Justice & Public Safety Cabinet, 2015-CA-001853, 2017 WL 1203367 (Ky. App. Mar. 31, 2017),[7] a recent *52 unpublished opinion, the appellate court specifically analyzed KRS 197.045(3) 's consecutive sentence aggregation and whether a violent offender, who by statute could not be awarded sentence credit, could view his violent and nonviolent sentences as being independently served. Unlike the underlying appellate decision in this case, the Joseph court concluded that the defendant's consecutive sentences were indistinguishable when calculating and granting sentence credit.
In Joseph , the defendant was sentenced to serve thirty years for murder, twenty years for first-degree robbery, and twenty years for first-degree burglary, crimes he was charged with while on probation. The trial court ordered the three sentences to run concurrently with one another, but consecutively with his prior five-year sentence for possession of a controlled substance (POCS). The defendant sought work-time and good-time credit on the POCS sentence, arguing that he was entitled to the credit as he had served the majority of the sentence for murder and was serving his consecutive sentence for the nonviolent POCS. The trial court dismissed the defendant's petition for a declaration of rights for failure to state a claim upon which relief can be granted and the Court of Appeals affirmed. The Court of Appeals concluded that although the defendant's sentences are to be served consecutively, they are viewed as a unit and as a violent offender, the defendant was not entitled to the sentencing credits.
The Court of Appeals interpreted analogous KRS 197.045(3) just as we interpret KRS 532.120(2)(b) in the instant case. The substantive content of KRS 197.045(3), although not verbatim to, only differs from KRS 532.120(1)(b) by adding "for the purposes of the sentencing credit computation or in computing dates of expiration of sentence." KRS 532.120 provides for the calculation of terms of imprisonment without restriction of the aggregate term's use, and this aggregate sentence is to be used "for purposes of the sentencing credit computation [in KRS 197.047 ] or in computing dates of expiration of sentence."
CONCLUSION
When a criminal defendant is serving consecutive, indeterminate sentences, KRS 532.120(1)(b) directs that those sentences are to be combined into an aggregate term - a single, continuous sentence. The disallowance of work-time sentence credit to a violent offender in KRS 197.047 applies to the single, continuous sentence; the violent offender cannot receive work-time credit on nonviolent sentences which have merged into the whole. The Court of Appeals' decision is reversed.
Minton, C.J.; Buckingham, Hughes, Keller, Lambert, and Wright, JJ., sitting. All concur. VanMeter, J., not sitting.

KRS 439.3401(3)(a) directs that "A violent offender who has been convicted of a capital offense or Class A felony with a sentence of a term of years or Class B felony shall not be released on ... parole until he has served at least eighty-five percent (85%) of the sentence imposed." The 85% provision became effective July 15, 1998. Prior to that amendment, KRS 439.3401(3) provided that the violent offender could not be released on parole until he had served at least fifty percent (50%) of the sentence imposed. 1998 Ky. Acts ch. 606, § 77. Kentucky Administrative Regulation (KAR) 501 KAR 1:030 compiles the amended parole eligibility statutes so that eligibility based on date of commission of nonviolent and violent crimes can be readily determined.

Brown v. Kentucky Department of Corrections, 2014-CA-001441-MR, 2014-CA-001715-MR, 2016 WL 1627424 (Ky. App. Apr. 22, 2016) (unpublished) was cited to support the argument that the Department exercises its discretion when awarding work-time credit. It was the only case the parties cited in relation to these issues.

KRS 197.047 was enacted in 2003 and at this juncture has not been revised. It creates a mechanism for state prisoners to receive sentence credit for certain types of work while incarcerated. The statute details the prisoners eligible to receive the credit; how forfeiture of any credit may occur; and how credits are to be calculated.

Fourteen crimes are currently listed under KRS 439.3401 sections (a)-(n) which qualify a criminal defendant as a violent offender.
We note that although KRS 197.047(6)(b) indicates otherwise, KRS 439.3401 does not actually define "violent offenses," but rather "violent offenders." See KRS 439.340, enacted in 2010, for comparison: "The board in its discretion may hold interviews and hearings for prisoners convicted of Class C felonies not included within the definition of 'violent offender' in KRS 439.3401 and Class D felonies." (Emphasis added.)

See Black's Law Dictionary (10th ed. 2014).

The parties do not identify, and our research did not find, any statute or regulation which specifies an order for serving consecutive sentences, whether nonviolent or violent. We note, however, that parole eligibility may be based on the timing of nonviolent/violent crimes under 501 KAR 1:030 § 3(f) which states,
For an individual serving multiple sentences, if one (1) or more of the crimes resulted in a conviction committed under [the violent offender (crimes committed after July 15, 1998) ] paragraph ... and one (1) or more of the crimes resulted in a conviction committed under [the nonviolent offender (crimes committed after December 3, 1980) ] paragraph ..., parole eligibility shall be calculated by applying the parole eligibility criteria in effect at the time the most recent crime was committed.

Joseph was issued a little over a month after the Court of Appeals' decision in this case.