RENDERED:  APRIL 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1018-MR

JORGE L. TAMAYO-MORA, #173793                                      APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 21-CI-00367

ANNA VALENTINE, WARDEN,
KENTUCKY STATE
REFORMATORY[1]                                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND LAMBERT, JUDGES.

DIXON, JUDGE:  Jorge L. Tamayo-Mora, an inmate at the Kentucky State

Reformatory, appeals *pro se* from the Franklin Circuit Court's July 27, 2021, order

dismissing his petition for declaration of rights regarding his eligibility to receive

---

[1]  In his notice of appeal, Appellant only identified Appellee by her name.  In the interest of
clarity, we have included her title as set out in the underlying complaint.

work-time sentencing credit.  After careful review of the briefs, record, and law, we affirm.

## ANALYSIS

As an initial matter, the Department of Corrections[2] (DOC) contends that Tamayo-Mora has failed to comply with the requirements of CR[3] 76.12(4)(c)(iv)-(v), to provide citations to the record and to include a statement demonstrating his arguments were preserved for appeal.  Consequently, DOC argues we should decline to reach the merits of this matter.  *Commonwealth v. Roth*, 567 S.W.3d 591 (Ky. 2019).  While it is correct that Tamayo-Mora's brief does not strictly comply with the applicable civil rules, it is within our discretion to ignore the deficiency, strike the brief in whole or part, or review the issues raised for manifest injustice.  CR 76.12(8); *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990).  Given Tamayo-Mora's status as a *pro se* litigant and the brevity of the record, we have elected to ignore the deficiencies and address his appeal on the merits.

---

[2]  While Warden Valentine is the named appellee, DOC litigated the matter on her behalf both before the circuit court and on appeal.  Accordingly, we have elected to name DOC when referring to the actions and arguments of Appellee.

[3]  Kentucky Rules of Civil Procedure.

This appeal turns on Tamayo-Mora's entitlement to work-time sentence credit. Pursuant to KRS[4] 197.047(5)-(6), a prisoner who works in a governmental services program is eligible for work-time sentence credit unless the prisoner is serving a sentence for a violent offense as defined by KRS 439.3401, which mandates that perpetrators of enumerated offenses are ineligible for certain types of sentence credit and must serve 85% of their sentence.

In 2004, Tamayo-Mora was convicted and sentenced to serve 20 years for sodomy first degree[5] and 10 years for two counts of sexual abuse first degree,[6] to run consecutively for a total sentence of 30 years' imprisonment.[7] In February 2021, Tamayo-Mora initiated an administrative review asserting that, because he had served 85% of his sentence for sodomy first degree, he was currently only "serving a 20% sentence" and, thus, was entitled to work-time credit. His review was denied, and DOC affirmed on appeal. Having exhausted administrative remedies, Tamayo-Mora filed the underlying declaration of rights petition.

In June 2021, DOC moved to dismiss the action for failure to state a claim upon which relief may be granted pursuant to CR 12.02(f). Concluding that

---

[4] Kentucky Revised Statutes.

[5] KRS 510.070, victim at least twelve years old, a Class B felony.

[6] KRS 510.110, victim at least twelve years old, a Class D felony.

[7] Jefferson Circuit Court Action Number 00-CR-002135.

the Supreme Court of Kentucky had previously held that an inmate serving consecutive sentences for both violent and nonviolent crimes, like Tamayo-Mora,[8] was ineligible for work-time credit because, pursuant to KRS 532.120(1)(b), the sentences are aggregated and cannot be broken down into component parts, the circuit court dismissed the petition. *Kentucky Dep't of Corr. v. Dixon*, 572 S.W.3d 46 (Ky. 2019). Tamayo-Mora timely brought this appeal challenging the dismissal of his petition.

Dismissal for failure to state a claim upon which relief may be granted is proper only if the pleading party is not entitled to relief under any set of facts which could be proven. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). "Accordingly, 'the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true.'" *Id.* (quoting *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)). Because the decision to grant dismissal is purely a question of law, our review is *de novo*. *Id.*

Tamayo-Mora contends the court erred in dismissing his petition because his case is distinguishable from *Dixon*. His claim is convoluted where he

---

[8] At the time of Tamayo-Mora's offenses, 1999 and 2000 per his resident record card, rape and sodomy in the first degree were the only sex offenses designated in the violent offender statute. KRS 439.3401(1) (1998 Ky. Laws ch. 606 § 77 (eff. Jul. 15, 1998)). The current statute mandates that perpetrators of any KRS 510 felony, which includes sexual abuse first degree, are violent offenders. KRS 439.3401(1)(f). Neither the parties nor the court addressed which version of the statute applied, but in the order on appeal, the court asserted that sexual abuse was a nonviolent offense.

both admits that sexual abuse first degree is a violent offense but also argues KRS 439.3401 does not preclude his eligibility for work-time credit because he believes that as a Class D felony, the conviction does not require 85% service.[9]  However, clearly underlying his argument is the proposition that his consecutive sentences are discrete, each being capable of separate classification and treatment.  In support of his position, Tamayo-Mora asserts that after completing 85% service of his sodomy conviction, DOC began awarding him statutory good-time credit pursuant to KRS 197.045(1)(b)1. which, like work-time credit, is unavailable to violent offenders.[10]  Accordingly, he reasons that the court's determination that his consecutive sodomy sentence prevented his eligibility for work-time credit is incorrect.  Concluding that Tamayo-Mora has miscomprehended the applicable law, we disagree.

KRS 197.047(6)(b) provides a complete ban on work-time credit to inmates "serving a . . . [s]entence for a violent offense, as defined by KRS 439.3401," with no distinction as to the class of felony or reference to service

_____

[9]  Tamayo-Mora incorrectly conflates the restriction on parole eligibility for violent offenders convicted of either a capital offense or a Class A or B felony with the general service requirement applicable to all violent offenders.  Drawing no distinction between the class of felonies, KRS 439.3401(4), provides that "[i]n no event shall a violent offender be given credit on his or her sentence if the credit reduces the term of imprisonment to less than eighty-five percent (85%) of the sentence."

[10]  "A violent offender shall not be awarded any credit on his sentence authorized by KRS 197.045(1)(b)1.[, *i.e.*, statutory good time]."  KRS 439.3401(4).

requirements. Thus, applying the present statute, because Tamayo-Mora is serving sentences for multiple violent offenses, he is ineligible for work-time credit. *See Gray v. Dep't of Corr.*, 606 S.W.3d 645 (Ky. App. 2020) (holding work-time credit is not available to an inmate serving a sentence for first-degree robbery even though KRS 439.3401 was not amended to designate the crime as a violent offense until after his conviction). Further, even if we, like the circuit court, considered the sexual abuse charges as nonviolent, *Dixon* is controlling notwithstanding Tamayo-Mora's claim that DOC's award of statutory good-time credit[11] is inconsistent with the Court's holding. *See* SCR[12] 1.030(8)(a) (This Court "is bound by and shall follow applicable precedents established in the opinions of the Supreme Court[.]"). Consequently, the court did not err in granting dismissal.

Moreover, we would nevertheless be compelled to affirm because the record demonstrates an independent basis for dismissal of Tamayo-Mora's petition. The Supreme Court's decision in *Mark D. Dean, P.S.C. v. Commonwealth Bank & Trust Co.*, 434 S.W.3d 489, 496 (Ky. 2014), held that KRS 197.047(6)(d) precludes granting work-time credit to inmates serving

---

[11] We note that in *Joseph v. Kentucky Justice & Public Safety Cabinet*, No. 2015-CA-001853, 2017 WL 1203367 (Ky. App. Mar. 31, 2017) (cited with agreement by *Dixon*, 572 S.W.3d at 51-52, as dicta), a panel of this Court held that an inmate serving consecutive violent and nonviolent sentences was not entitled to good-time credit even after completing 85% of the sentence for the violent offense.

[12] Rules of the Supreme Court.

sentences for sex crimes as defined by KRS 17.500. At all relevant times, KRS 17.500(8)(a) has defined sex crimes as felony offenses under KRS 510, which includes both sodomy and sexual abuse. As Tamayo-Mora is incarcerated solely on the convictions of multiple KRS 510 felonies – regardless of the merits of his contention that his sentences are discrete – by the plain language of the statute, he is ineligible for work-time credit, and his petition was properly dismissed.

## CONCLUSION

Therefore, and for the forgoing reasons, the order of the Franklin Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jorge L. Tamayo-Mora, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Allison R. Brown
Frankfort, Kentucky